Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 From the circumstances of this case, the Plaintiff can make out a right to the slaves in dispute, only by establishing such a transfer from Pender to his daughter as would he valid since the act of 1806. Unquestionably it cannot prevail as a gift, because it was not in writing, as .that act requires. It is alleged, however, by the Plaintiff, that Pender passed the slave to his daughter as a compensation for a tract of land sold by him, on which she lived, and which land had been purchased with a slave that he had formerly given to her, hut had taken away to pay for the land; that the slave now in question was given to the daughter in satisfaction of what she might think herself entitled to, and with a view of making peace in the family; and that the compromise of a doubtful right is á sufficient foundation on which to decree the /specific execution of an agreement. But the act of 1806 must bear on this transaction, unless it can be shewn that the slave was
 
 sold
 
 to the daughter. A sale implies a valuable consideration, as money or the like: it cannot exist without a valuable con-
 
 *486
 
 siderátion; though the law establishes free gifts without the same.
 
 *
 
 A consideration ought to be matter of profit and benefit to him to whom it is done, by reason of the charge or trouble of him who doth it-
 
 †
 
 What profit or benefit could the father derive from the agreement of the daughter ?
 

 Assuming as a fact that this slave was transferred in the manner alleged by the daughter in the conversation with her father, still the first negro was given to her, if given at all, while she was the wife of Williamson, in whose possession the slave was, while he was at Tarbo-rough. Upon his death, therefore, the right devolved upoii his administrator, and his wife had no claim except under the statute of distributions, from the surrender of which to the father he could derive no benefit, since it could not repel the right of Williamson’s representatives.
 

 The compromise of a doubtful right recognises a subsisting right in one or the other of the contracting parties. Here it was in neither. The gift of the father, if ever made, divested him of the right, and the same act placed it in Williamson. In the cases of compromise of doubtful rights, there is a distinct and intelligible right in one of the parties, and the effect of the compromise is to end a dispute, which must otherwise have terminated in litigation. In every view of the subject, the Court is of opinion that the Jury were properly instructed, and.the rule for a new trial must be discharged.
 

 *
 

 Noy’s Maxims, 87. Hob. 230.
 

 †
 

 Cro. Car. 8.